433 A.2d 509

**COMMONWEALTH of Pennsylvania**

v.

**Derek McBRIDE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1981.

Filed Aug. 7, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

WIEAND, Judge:

Where appellant has been convicted of corrupting the morals of a minor, may a court validly require, as a condition of probation, that he refrain from contact or communication with such minor? We agree with the learned trial judge that this was a proper condition of probation and affirm the judgment of sentence.

On February 14, 1980, Derek McBride entered a counseled plea of guilty to an information charging him with corrupting the morals of a minor.[1] He also pleaded guilty to

1. 18 Pa.C.S.A. § 3125.

possession of a controlled substance with intent to deliver.[2] He was placed on probation for four years upon the conditions that he undergo psychiatric counselling and have no contact with the juvenile whose morals he had corrupted. Subsequently, appellant appeared before the court on charges that he had violated the conditions of his probation. He waived a hearing thereon and stipulated to various violations, including the commission of new offenses precipitated by a desire to contact the minor. The court thereupon entered an order of probation for a new four year period and included as conditions that appellant enter and complete the Abraxas Foundation's drug rehabilitation program and have no contact with the juvenile girl whose morals he had corrupted. Appellant then filed a petition to reconsider the sentence, asking that the court remove and vacate the conditions of probation. The trial court declined to accede to this request. On appeal, appellant argues that by directing him to have no contact with the juvenile, the court imposed an undue restriction on his liberty and violated his constitutional rights to freedom of speech and association.

■ A trial court which has revoked probation may modify the original probationary period by lengthening it and by adding reasonable conditions. *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967); *Commonwealth v. Johnson*, 250 Pa.Super. 431, 378 A.2d 1013 (1977). See also: 42 Pa.C.S.A. § 9771(b). The Sentencing Code, at 42 Pa.C.S.A. § 9754(c)(13), provides that as a condition of probation a trial court may require a defendant to "satisfy any . . . conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty . . . ."

■ This broad power to impose conditions as part of an order of probation is intended to individualize the sentencing process so that an effort can be made to rehabilitate a criminal defendant while, at the same time, preserving the right of law abiding citizens to be secure in their persons and property. An order calculated to achieve this purpose

2. 35 P.S. § 780–113(a)(30).

will necessarily impinge to some extent upon the liberties of the person who has been convicted of crime and placed on probation. Such a person "does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law." *Barlip v. Penna. Board of Probation and Parole*, 45 Pa.Cmwlth. 458, 463, 405 A.2d 1338, 1340 (1979).

In *Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979), this Court found reasonable a condition of probation which required a defendant "to keep away from juveniles and young adults." The condition in the instant case was considerably less restrictive, for it placed only one person outside the broad scope of appellant's right to associate with others. That person was the very person whose morals appellant had been convicted of corrupting.

Such a condition was certainly not unreasonable. It was a necessary condition for the rehabilitative program which the court fashioned for appellant, and it was intended to satisfy society's proper concern for protecting its children.

The judgment of sentenced is affirmed.