646 A.2d 1205

**COMMONWEALTH of Pennsylvania**

v.

**Stacy KOREN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1994.

Filed Aug. 25, 1994.

500

Glenn M. Goodge, Easton, for appellant.

Robert L. Steinberg, Dist. Atty., Allentown, for Com., appellee.

Before McEWEN, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

Stacy Koren appeals from the judgment of sentence entered by the Court of Common Pleas of Lehigh County, following her plea of *nolo contendere* to hindering apprehension or prosecution.[1] We affirm.

1. 18 Pa.C.S.A. § 5105(a)(2).

On July 21, 1992, Larry Martin, Koren's boyfriend,[2] pled guilty to forty-eight counts of burglary, one count of attempted burglary, two counts of theft, and one count of receiving stolen property. At the conclusion of his guilty plea, Martin was ordered to surrender himself for sentencing to the Lehigh County Sheriff's Office, no later than August 10, 1992. Martin failed to appear on August 10th, and a manhunt ensued for his apprehension.

On August 17, 1992, a detective contacted Koren and notified her that Martin was a fugitive and wanted by the police. At that time, Koren indicated to the detective that she was Martin's girlfriend. Sometime after August 17, 1992, Koren conspired with her sister to rent a hotel room for Martin under her sister's name. Martin stayed in this hotel room until he was apprehended by the police on September 4, 1992.

Koren and her sister were then arrested and charged with hindering apprehension or prosecution (felony three)[3] and criminal conspiracy.[4] On October 18, 1993, both Koren and her sister entered pleas of *nolo contendere* to hindering apprehension or prosecution as a misdemeanor of the second degree.[5]

After considering the pre-sentence report and Koren's testimony, the trial court, on December 15, 1993, sentenced Koren to two years probation. Two conditions were placed on Koren's probation. First, Koren was to perform 100 hours of community service at a charitable organization. Second, Koren was to have no contact with her boyfriend, Martin, or his family during her two years of probation.

On December 27, 1993, Koren filed a motion to reconsider sentence, requesting a modification of sentence to allow contact with Larry Martin during the period of her probation. Koren's motion was denied by the sentencing court. Koren presents two issues for our review:

**2.** Koren contends in her brief that Martin is currently her fiance.

**3.** 18 Pa.C.S.A. § 5105(a)(2).

**4.** 18 Pa.C.S.A. § 903(a)(1), (2).

**5.** 18 Pa.C.S.A. § 5105(a)(2).

(1) Whether the sentencing court abused its discretion by not adequately considering Appellant's history and character when forming its probation order?

(2) Whether the sentencing court abused its discretion in imposing as a condition of probation, that Appellant refrain from contact with her boyfriend?

When the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right. *Commonwealth v. Moore,* 420 Pa.Super. 484, 490, 617 A.2d 8, 11 (1992). Two criteria must first be met before a challenge to a judgment of sentence will be heard on the merits. *See Commonwealth v. Cottam,* 420 Pa.Super. 311, 346, 616 A.2d 988, 1005 (1992). First, an appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. § 2119(f); *Commonwealth v. Jones,* 418 Pa.Super. 93, 99, 613 A.2d 587, 590 (1992). Second, an appeal will be granted only "where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 513, 522 A.2d 17, 20 (1987).

In the case at hand, Koren has set forth in her brief a concise statement of the reasons for her appeal. We must now determine whether Koren has presented a substantial question before we can turn to the merits of her argument.

The determination of whether a substantial question exists must be determined on a case-by-case basis. *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 82, 626 A.2d 575, 583 (1993). It is only where an appellant can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. *Tuladziecki,* 513 Pa. at 515, 522 A.2d at 20; *Hlatky,* 426 Pa.Super. at 82, 626 A.2d at 583. A substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions where either: (1) inconsistent with

a specific provision of the Sentencing Code; or (2) contrary to the fundamental·norms which underlie the sentencing process. *Hlatky,* 426 Pa.Super. at 82, 626 A.2d at 583; *Jones,* 418 Pa.Super. at 99–100, 613 A.2d at 590.

■ Koren contends that the sentencing court did not adequately consider her prior history and character. This court has repeatedly held that the mere assertion that the sentencing court failed to give adequate weight to sentencing factors does not raise a substantial question. *Jones,* 418 Pa.Super. at 100, 613 A.2d at 587; *Commonwealth v. Mobley,* 399 Pa.Super. 108, 115–16, 581 A.2d 949, 952 (1990); *Commonwealth v. Smith,* 394 Pa.Super. 164, 167, 575 A.2d 150, 151 (1990). Accordingly, we find that Koren's first contention does not raise a substantial question and deny her allowance of appeal from this aspect of her sentence.

■ Koren's second contention is that the condition placed on her probation, prohibiting contact with her boyfriend, is unreasonable because it unduly restricts her liberty. Koren claims that this condition of probation is contrary to 42 Pa.C.S.A. § 9754(b),[6] which only allows for reasonable conditions to be attached to probation orders. We find that Koren's argument presents a substantial question, and we now turn to the merits of her contentions.

■ Our standard when reviewing the merits of the discretionary aspects of a judgment of sentence is very narrow; this court will reverse only where an appellant can demonstrate a manifest abuse of discretion on the part of the sentencing judge. *Hlatky,* 426 Pa.Super. at 83, 626 A.2d at 584; *Commonwealth v. Wright,* 411 Pa.Super. 111, 114, 600 A.2d 1289, 1291 (1991). However, the sentence imposed must be "consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Moore,* 420 Pa.Super. at 491, 617 A.2d at 12 (quoting *Com-*

6. **Conditions Generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life. 42 Pa.C.S.A. § 9754(b).

*monwealth v. Devers,* 519 Pa. 88, 92, 546 A.2d 12, 13 (1988)). When a sentence is within the guidelines, as it is in the present case,[7] we can only reverse the order where it is clearly unreasonable. 42 Pa.C.S.A. § 9781(c)(2); *Moore,* 420 Pa.Super. at 491, 617 A.2d at 12 (citing *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 473, 491 A.2d 1352, 1354 (1985)).

■■ When reviewing a judgment of sentence, we must accord the decision of the sentencing judge great weight, because he or she is in the best position to view a defendant's character, defiance or indifference, and the overall effect and nature of the crime. *Jones,* 418 Pa.Super. at 101, 613 A.2d at 591. When formulating its order, the sentencing court must consider the nature of the criminal and the crime. *Wright,* 411 Pa.Super. at 115, 600 A.2d at 1292. The sentencing court should also consider the defendant's prior record, age, personal characteristics, and potential for rehabilitation. *Cottam,* 420 Pa.Super. at 346, 616 A.2d at 1006.

A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. *Commonwealth v. McBride,* 289 Pa.Super. 396, 398, 433 A.2d 509, 510 (1981). When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. 42 Pa.C.S.A. § 9754(b); *see Commonwealth v. Crosby,* 390 Pa.Super. 140, 144, 568 A.2d 233, 235 (1990).

■ In the instant case, the Honorable Lawrence J. Brenner placed the no-contact condition on Koren's probation for rehabilitative purposes. While Judge Brenner does not specifically state that the condition is for rehabilitation, it is obvious from his comments during the sentencing hearing that the no-

7. It is undisputed that Koren's sentence of two years probation is within the guidelines. The guidelines for a misdemeanor of the second degree with a prior record score of zero are as follows: standard range, zero to intermediate punishment; aggravated range, intermediate punishment to six months; and mitigated range, non-confinement. 42 Pa.C.S.A. § 9721.

contact condition was meant to assist Koren with her future as a law-abiding citizen. Our task is to determine whether the condition of probation that Koren have no contact with her boyfriend for two years was reasonable, because, as long as conditions placed on probation are reasonable, it is within a sentencing judge's discretion to order them. 42 Pa.C.S.A. § 9754(b).

Koren argues that the no-contact condition is unreasonable because it unduly restricts her liberty. However, a person placed on probation "does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law." *McBride*, 289 Pa.Super. at 399, 433 A.2d at 510 (quoting *Barlip v. Penna. Board of Probation and Parole*, 45 Pa.Commw. 458, 463, 405 A.2d 1338, 1340 (1979)). A probation order with conditions placed on it will to some extent always restrict a person's freedom. *Id.*

Pennsylvania's probation statute specifically allows for an order of probation to require that a defendant refrain from consorting with disreputable persons. 42 Pa.C.S.A. § 9754(c)(6). Pennsylvania's probation statute states that:

(c) **Specific conditions.**—The court may as a condition of its order require the defendant:

... (6) To refrain from frequenting unlawful or disreputable places or consorting with disreputable persons.

42 Pa.C.S.A. § 9754(c). It is undisputed that Koren's boyfriend, Martin, is a criminal and is currently in prison. Had it not been for her association with this disreputable person, Koren would not have been in trouble with the law. While the sentencing court can order a no-contact condition on probation, it can only do so when that condition is reasonably calculated to aid in the defendant's rehabilitation. 42 Pa. C.S.A. § 9754(b).

Furthermore, this court has consistently held that no-contact conditions are neither unreasonable nor unduly restrictive of a person's liberty. *See Commonwealth v. McBride*, 289 Pa.Super. 396, 433 A.2d 509 (1981); *Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979). In *McBride*, the

appellant was convicted of corrupting the morals of a minor. As a condition of probation, McBride was to have no contact with the juvenile whose morals he had corrupted. This court held that the no-contact condition was not unreasonable and was necessary to the rehabilitative needs of McBride. *Commonwealth v. McBride*, 289 Pa.Super. 396, 433 A.2d 509 (1981).

The no-contact condition in *Reggie* was more broad than the one in *McBride*. In *Reggie*, the defendant was found guilty of corruption of a minor and indecent assault. The order of probation specified that Reggie was to stay away from juveniles and young adults. Again the court found that the no-contact condition was reasonable. *Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979).

Similar to *McBride* and *Reggie*, we find that Koren's no-contact probation condition is reasonable and necessary for her rehabilitation. Koren committed a serious crime. Knowing that the police were looking for her boyfriend, Koren procured a hotel room in which to hide Martin from the police. Koren could be incarcerated for such conduct.[8] Instead, recognizing Koren's record-free past and her potential for rehabilitation, Judge Brenner chose to give Koren probation.

Koren was living a law-abiding life until she met Martin, and the record reflects that Koren's potential for getting back to living that law-abiding life is much greater if she has no contact with Martin. Koren's only crimes stemmed from her association with Martin. We feel it was reasonable for Judge Brenner to order that Koren have no-contact with Martin during her two years of probation, and we agree that the no-contact condition would assist Koren in living a law-abiding life. 42 Pa.C.S.A. § 9754(b).

Koren contends in her brief that Martin is currently her fiance, but this fact is not found in the official record. Howev-

8. Had the judge sentenced in the aggravated range, Koren could have been sent to jail for six months under a misdemeanor of the second degree. 42 Pa.C.S.A. § 9721. Had the crime not been pled down from a felony three, Koren could have faced up to 18 months in prison. 42 Pa.C.S.A. § 9721.

er, even if Martin is actually Koren's fiance, that fact does not change our analysis of the case. While not binding, we find several cases from other jurisdictions to be very persuasive in this area of law.

In *United States v. Bortels*, 962 F.2d 558 (6th Cir.1992), the defendant was charged with several crimes, including harboring or concealing a person for whom an arrest warrant had been issued.[9] The case arose when Bortels led the Michigan State Police and a U.S. Deputy Marshal on a high speed chase, after having been informed that her passenger (fiance) was under arrest. A magistrate sentenced Bortels to six months of incarceration and a one year period of supervised release. As a condition of her supervised release, Bortels was ordered to have no contact with anyone convicted of a felony, particularly her fiance. In ordering this condition, the magistrate recognized that Bortels would not be in jail but for her association with her fiance and that her rehabilitation would be aided if she avoided future contact with him. Because the condition was reasonably related to Bortels' rehabilitation and the protection of the public, the Sixth Circuit held that the trial court did not abuse its discretion in imposing the no-contact condition. *Id.*

In *Edwards v. State*, 74 Wis.2d 79, 246 N.W.2d 109 (1976), the defendant pled guilty to three offenses, including aiding an escape from custody, when she smuggled a hacksaw blade and a pipe wrench into jail to aid the escape of two felons, one of whom was the defendant's fiance. As a condition of probation, Edwards was to have no-contact or association with the two felons. Edwards appealed, asking that she be allowed to see her fiance and that they be allowed to communicate by mail. The Wisconsin Supreme Court denied Edwards' requests and upheld the no-contact condition of probation, recognizing that while the condition was restrictive of Edwards' liberty, it was not unduly so because it was integrally related to her rehabilitation. *Id. see also State v. Quakenbush*, 113 Or.App. 263, 832 P.2d 1236 (Ct.1992) (condition of probation that the defen-

---

9. This charge was dropped when Bortels agreed to plead guilty to other charges.

dant not associate with co-defendant fiance/husband was upheld out of concern for child's safety); *State v. Allen*, 12 Or.App. 455, 506 P.2d 528 (Ct.1973) (conditions of probation that the defendant not associate with known criminals, including her fiance, and that she obtain the court's permission before she enter into any marriage were upheld); *but see State v. Martin*, 282 Or. 583, 580 P.2d 536 (1978) (condition of probation that the defendant not associate with known criminals, including her husband, was reversed in part because trial judge did not state sufficient reasons and the limited facts of the case did not justify ordering a wife not to see her husband).

In the present case, it was reasonable for the sentencing judge to order Koren not to have any contact with her fiance. While the no-contact condition is restrictive, it is not unduly so. The sentencing court was in the best position to weigh such factors as Koren's decision to hide her fiance from the police and her defiant attitude expressed to the police that she would do the same thing again. Furthermore, the no-contact condition of probation was reasonably related to Koren's rehabilitation. According, we find that Judge Brenner did not abuse his discretion in ordering as a condition of probation that Koren have no contact with her fiance, Martin.

Judgment of sentence affirmed.