J-S63009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL THOMAS SEARLE, | |
| Appellant | No. 833 MDA 2014 |

Appeal from the Judgment of Sentence April 2, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000386-2014

BEFORE:  BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 15, 2014**

Daniel Thomas Searle appeals from the judgment of sentence of time served (seventy-five days) to twelve months incarceration imposed by the court after he pled guilty to simple assault.  We affirm.

Appellant pled guilty to simple assault on April 2, 2014, after he was charged with aggravated assault and simple assault following an attack on his wife.  The assault occurred while Appellant was on parole for a prior simple assault conviction for choking his wife.  In a statement to police, Appellant's wife set forth that this was not the first time he had hit her.  She stated that this incident resulted in him hitting her across the face, slamming her body down, hitting her more times in the face, and then strangling her.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

He continued his assault by throwing sports balls at her and attempting to strangle his wife again.  Appellant, according to his wife's statement, then slammed her against the wall several times.  A police video also existed where Appellant admitted to kicking his wife.

As a result of his plea, the court entered a no-contact order with his wife.  However, despite the repeated abuse at the hands of her husband, Appellant's wife asked that the no-contact provision be removed so that they could reside together.  Accordingly, counsel filed a timely motion to modify Appellant's sentence on April 11, 2014.  The court conducted a hearing, and Appellant's wife testified.  She asked that the no-contact order be lifted, indicated that she opposed his prosecution, and claimed that she exaggerated the incident.  The trial court, however, declined to remove the no-contact provision.

This appeal ensued.  The trial court directed Appellant to file and serve a concise statement of errors complained of on appeal.  Appellant complied, and the trial court authored its opinion.  The matter is now ready for this Court's review.  Appellant's sole issue on appeal is, "Did the [c]ourt err by denying Daniel Searle's [m]otion to [m]odify [s]entence where he asked that no contact provisions re: his wife be removed, and when testimony was offered at a hearing that such a result was requested by not only the Defendant but also his wife?"  Appellant's brief at 4.

Appellant's appeal is from the discretionary aspects of his sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Further, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." **Id**. Importantly, "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Id**. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Id.**

Appellant preserved his issue in his motion to modify his sentence and his Pa.R.A.P. 1925(b) statement. However, he has failed to include a Pa.R.A.P. 2119(f) statement in his brief, despite the trial court indicating in its opinion that his issue pertained to the discretionary aspects of his sentence. Nonetheless, the Commonwealth has not objected to the absence of a Pa.R.A.P. 2119(f) statement. Accordingly, we do not find waiver on that basis. **See Commonwealth v. Stewart**, 867 A.2d 589 (Pa.Super. 2005). Further, we agree with both the Commonwealth and Appellant that his issue does present a substantial question for our review. **See Commonwealth v. Koren**, 646 A.2d 1205 (Pa.Super. 1994). Nevertheless, we find that Appellant is entitled to no relief.

Appellant argues that because his wife is not a minor nor mentally challenged and did not request court protection, the no-contact order was an abuse of discretion. The Commonwealth responds that the no-contact condition is reasonable and necessary for Appellant's rehabilitation since he has been convicted of abusing his wife in the past. In the Commonwealth's view, the trial court's order "is in accord with the protection of the victim, the gravity of the offense (attempted strangulation), and the rehabilitative needs of the defendant." Commonwealth's brief at 4. We agree.

Victims do not pursue charges in this Commonwealth. Rather, in order to protect not only a victim, but the community, a prosecution is instituted by the government. Accordingly, a victim of spousal abuse does not decide whether to prosecute. Spousal abuse is a serious problem, and a crime. That Appellant's wife wishes to remove the no-contact provision does not *ipso facto* result in the court erring in declining to remove the sentencing condition.

Here, the court reasoned that Appellant was convicted of assaulting his wife and "admitted to physically abusing her on at least two prior occasions." Trial Court Opinion, 6/3/14, at 5. It opined that the no-contact condition was needed to guarantee the victim's safety and was consistent with public protection. The sentencing court noted that removing the provision could create "a potentially dangerous environment." ***Id***. It further found Appellant's wife's testimony at the sentence modification hearing wholly

incredible. We find the court's statement that it "has an obligation to afford [the victim] protection from her abuser even when she is unable or unwilling to recognize the danger he poses[,]" to be sound. *Id*. at 6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014