J-S66010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN BRENT CREAGER, | |
| Appellant | No. 421 MDA 2014 |

Appeal from the Judgment of Sentence Entered December 27, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002788-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN BRENT CREAGER, | |
| Appellant | No. 425 MDA 2014 |

Appeal from the Judgment of Sentence Entered December 27, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002462-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 22, 2014**

Appellant, Shawn Brent Creager, appeals from the judgment of sentence of an aggregate term of 5 years' and 180 days' incarceration to 10 years' incarceration, imposed following his convictions at CP-67-CR-0002462-2013 and CP-67-CR-0002788-2013. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On December 27, 2012, at 2788-2013, Appellant was charged with the following offenses: three counts of recklessly endangering another person (counts 1-3), 18 Pa.C.S. § 2705; aggravated assault by vehicle (count 4), 75 Pa.C.S. § 3732.1; reckless driving (count 5), 75 Pa.C.S. § 3736; driving while operating privilege is suspended or revoked (count 6), 75 Pa.C.S. § 1543(a); accidents involving death or personal injury (count 7), 75 Pa.C.S. § 3742; accidents involving death or personal injury while not properly licensed (count 8), 75 Pa.C.S. § 3742.1; and aggravated assault (count 9), 18 Pa.C.S. § 2702.  On February 14, 2013, at 2462-2013, Appellant was charged with two counts of theft by deception, 18 Pa.C.S. § 3922(a)(1) and (a)(3).

Appellant entered an open guilty plea on November 27, 2013, to all the offenses listed at 2788-2013, except for counts 4 and 9, which were *nolle prossed* by the Commonwealth.  At 2462-2013, he also pled guilty to one count of theft by deception, 18 Pa.C.S. § 3922(a)(1), while the Commonwealth *nolle prossed* the other theft charge.

A consolidated sentencing hearing was held on December 27, 2013. At that time, the trial court received testimony from Appellant, his mother, his wife, and the victim.  The trial court also reviewed a pre-sentence investigation report.  The court then sentenced Appellant as follows:

CP-67-CR-0002788-2013

Count 1: 1-2 years' incarceration

Count 2: 1-2 years' incarceration; concurrent to count 1.

Count 3: 1-2 years' incarceration; concurrent to count 1.

Count 5: 90 days' incarceration; consecutive to counts 1-3.

Count 6: 90 days' incarceration; consecutive to count 5.

Count 7: 2-4 years' incarceration; consecutive to count 6.

Count 8: 2-4 years' incarceration; consecutive to count 7.

<u>CP-67-CR-0002462-2013</u>

Count 1: 3-12 months' incarceration; concurrent to the sentence imposed at CP-67-CR-0002788-2013.

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence on January 2, 2014. A reconsideration hearing was held on February 28, 2014, but the trial court ultimately denied Appellant's post-sentence motion at the conclusion of that hearing. Appellant filed timely notices of appeal from the sentences imposed at 2788-2013 and 2462-2013 on March 7, 2014, which were docketed by this court as 421 MDA 2014 and 425 MDA 2014, respectively. On April 3, 2014, Appellant filed identical Pa.R.A.P. 1925(b) statements for both appeals, and the trial court issued identical Rule 1925(a) opinions on April 24, 2014. This court *sua sponte* consolidated the appeals listed at 421 MDA 2014 and 425 MDA 2014 on April 25, 2014.

Appellant now presents the following question for our review: "Whether the [t]rial [c]ourt abused its discretion by sentencing Appellant to

an aggregate sentence of 5 years [and] 6 months to 10 years in a State Correctional Institute." Appellant's Brief at 4.[1]

"When the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right." **Commonwealth v. Koren**, 646 A.2d 1205, 1207 (Pa. Super. 1994). As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

As noted above, Appellant filed timely notices of appeal from the sentences imposed at 2788-2013 and 2462-2013. Appellant also filed a timely post-sentence motion for reconsideration of his sentence(s). In his brief, Appellant purports to present a 2119(f) statement. However, in his 2119(f) statement, Appellant only presents his prior record score, the guideline sentences for each offense for which he was convicted, and the sentences he received for those offenses. Appellant's 2119(f) statement

---

[1] Appellant, the Commonwealth, and the trial court all incorrectly state Appellant's aggregate sentence as 5½-10 years' incarceration. Appellant's minimum sentence is, in fact, 2½ days shorter than 5½ years, at 5 years and 180 days.

does not address the nature of his discretionary aspects of sentencing issue, nor whether it presents a substantial question for review. Pa.R.A.P. 2119(f) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence**.") (emphasis added). As this Court has stated, "the '2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates the norm….'" ***Commonwealth v. Simpson***, 829 A.2d 334, 337 (Pa. Super. 2003) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000)). Thus, Appellant's brief contains a fatal defect and, on this basis, we may not reach the merits of his claim. ***Cook***, ***supra***.

Moreover, in the argument section of his brief, after Appellant cites some relevant standards of review, his entire argument is as follows:

> While the [c]ourt did impose sentences for each count in the guideline ranges, the [t]rial [c]ourt did improperly base its convictions on his prior offenses. During the sentence and the reconsideration of sentence the [t]rial [c]ourt multiple times referenced the victims in Appellant's prior cases. Relying on this information to run the sentences consecutive to each other was inappropriate. While the offenses in the various counts have separate elements that do not require merger, the charges stem from one action of Appellant. Aggregating the sentence to 5 years 6 months to 10 years is excessive. Thus, Appellant requests that this matter be remanded for re-sentencing.

Appellant's Brief at 8-9. This is not the same issue raised in Appellant's post-sentence motion, wherein Appellant asked the trial "[c]ourt to

reconsider the sentence imposed in light of [Appellant's] apparent need for [drug] treatment." Motion for Reconsideration of Sentence, 1/2/14, at 1 ¶ 3. Therefore, even if Appellant's 2119(f) statement were not defective, we could not address Appellant's discretionary aspects of sentencing claim, because "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014