J-S05037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAROD C. GOLSON, | |
| Appellant | No. 389 MDA 2015 |

Appeal from the Judgment of Sentence February 2, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002927-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 21, 2016**

Appellant, Jarod C. Golson, appeals from the judgment of sentence imposed following his open guilty plea to possession with intent to deliver (PWID), heroin.  Specifically, Appellant challenges the denial of his request for an Intermediate Punishment Program (IPP) sentence.  Counsel has filed an **Anders** brief,[1] and requested permission to withdraw.[2]  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On February 2, 2015, after Appellant had entered a counseled open guilty plea to PWID, 35 P.S. § 780-113(a)(30), the court sentenced him to a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] Appellant has not responded to the petition to withdraw.

term of not less than twenty-four months' nor more than forty-eight months' incarceration in a state correctional institution. (*See* N.T. Sentence, 2/02/15, at 9). The court noted it had the benefit of a pre-sentence investigation report (PSI). (*See id.* at 2). The sentence was in the standard range. The court designated Appellant RRRI eligible.[3] (*See id.* at 9). Although Appellant was allowed to request an IPP sentence, and did so, an IPP sentence was not made part of the plea agreement. (*See id.* at 4-5). As part of the plea agreement, the Commonwealth withdrew a second count, criminal use of communication facility, 18 Pa.C.S.A. § 7512. (*See* Trial Court Opinion, 6/08/15, at 2 n.1).

Docket entries confirm that Appellant did not file a post-sentence motion but did file a timely notice of appeal, on February 12, 2015. Counsel timely filed a court-ordered statement of errors on March 6, 2015. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on June 8, 2015. *See* Pa.R.A.P. 1925(a).

Before reaching the merits of the issue raised in the *Anders* brief, we address counsel's petition to withdraw. *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders*

---

[3] *See* Recidivism Risk Reduction Incentive Act, 61 Pa.C.S.A. §§ 4501–4512.

brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

To withdraw pursuant to **Anders**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him or her of the right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Thereafter, this Court independently reviews the record and issues. **See id.**

Here, on review, it appears that counsel has substantially complied with **Anders**, **supra**, and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009) (holding counsel must state reasons for concluding that appeal is frivolous). Counsel has also substantially complied with **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005), by filing a copy of the notice letter advising Appellant of his rights. Therefore, we will undertake our own independent review of the appeal to determine if it is wholly frivolous.

In his **Anders** brief, Appellant's counsel presents one issue that might arguably support an appeal:

"Whether the trial court abused its discretion in sentencing the Appellant[?]"

(**Anders** Brief, at 1).[4]

This claim challenges the discretionary aspects of Appellant's sentence.

It is well-established that:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa. Super. 2005),

*appeal denied*, 890 A.2d 1057 (Pa. 2005) (quoting **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999)).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. **See Commonwealth v. W.H.M.,** 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

---

[4] The Commonwealth did not file a brief in this appeal. (**See** letter of assistant district attorney to Deputy Prothonotary, 10/06/15).

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (case citation omitted).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." *Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (quoting *Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa. Super. 1994)).

In this case, Appellant has met the first prong of this test by timely filing a notice of appeal. However, he has failed to preserve his discretionary aspects of sentencing issue at sentencing or in a timely-filed motion to reconsider sentence pursuant to Pa.R.Crim.P. 720. Thus, Appellant's claim is waived. *See Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004), *appeal denied*, 881 A.2d 818 (Pa. 2005), *cert. denied*, 546 U.S. 1095 (2006) (appellant's challenge to discretionary aspects of his sentence waived if appellant has not filed post-sentence motion challenging discretionary aspects with sentencing court).

Even if Appellant had preserved the issue, Appellant would still not be entitled to relief. This Court has previously held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted); **Commonwealth v. Rhoades**, 8 A.3d 912, 919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011) (citation omitted) (where trial court had benefit of PSI, "we can assume the [ ] court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Here, Appellant sought IPP on the basis of sickle cell anemia. (**See** N.T. Sentence, at 3). As noted by the sentencing court, Appellant's medical condition did not hamper his ability to commit crimes over the preceding fourteen years. (**See** Trial Ct. Op. at 4). Moreover, "an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question." **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003) (citation omitted).

We agree with counsel that Appellant's claim is wholly frivolous. On independent review we find no other non-frivolous issues which would merit relief for Appellant.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/21/2016</u>