J-S82018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HEATH SNYDER | : | |
| | : | No. 249 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence October 5, 2016
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000126-2016

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED  MARCH 6, 2018**

Appellant, Heath Snyder, appeals from the judgment of sentence of four years' probation entered in the Court of Common Pleas of Bedford County after he entered a no contest plea to one count each of simple assault and endangering the welfare of a child stemming from allegations he broke his minor son's nose during a physical altercation.  Herein, Appellant claims the court failed to consider his rehabilitative needs when it refused to modify the terms of his probation to permit him to attend pool (billiards) league events that take place in drinking establishments.  We quash.

On April 8, 2016, Appellant was charged with aggravated assault, simple assault, harassment, and endangering the welfare of a child.[1]   Criminal

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2709(a)(1), and 4304(a)(1), respectively.

_____
\* Former Justice specially assigned to the Superior Court.
\*\* Retired Senior Judge assigned to the Superior Court.

Information, filed 4/8/16. According to the underlying criminal complaint filed against Appellant on March 2, 2016, Appellant had periodically assaulted his juvenile sons during household disputes over the previous two years. The most recent of these incidents occurred in August of 2015, when Appellant, while bending his son over a table to spank him, slammed the boy's face down on the table causing him to suffer a broken nose. Criminal Complaint, Affidavit of Probable Cause, 3/2/16. Appellant's son required two separate surgeries by an ear, nose, and throat specialist to repair the injury. N.T. 9/16/16 at 3-4.

On September 16, 2016, pursuant to a surprisingly lenient plea agreement, Appellant pleaded no contest to simple assault and endangering the welfare of a child in exchange for an aggregate sentence of four years' probation (comprising two years' probation for each offense) and payment of restitution for the cost of his son's surgical procedures. N.T. 9/16/16 at 1-8. Appellant's sentence also required him to complete a program of anger management and/or domestic counseling as recommended by the Adult Probation Office of Bedford County. At the conclusion of the sentencing hearing, the court advised Appellant that he had ten days to file post-sentence motions and thirty days to file an appeal. Appellant confirmed that he understood his rights in this respect. N.T. at 7-8.[2]

---

[2] On October 5, 2016, the court filed a written sentencing order memorializing the sentence announced in court on September 16, 2016. Copies were delivered to, *inter alia*, Appellant and his counsel on October 10, 2016.

On January 10, 2017, Appellant filed a "Motion for Modification of Probation Conditions," in which he complained that the probation condition prohibiting him from being in proximity to alcoholic beverages would prevent him from carrying out his duties as the president of a county-wide pool league, whose matches take place in bars and taverns. He, therefore, requested that the court amend his probation conditions to allow him to carry out his duties to run the league.

On February 2, 2017, the court conducted a hearing on Appellant's motion. Appellant argued that his role as president of the 16-team league gave him a sense of purpose and responsibility that was otherwise lacking in his life, as he was on social security disability due to a work-related injury. He downplayed the significance of the alcohol provision among his conditions of probation, as he had not drunk alcohol since August of 2013, and he had faithfully attended anger management classes for the past 14 months. N.T. 2/2/17 at 6-7.

For its part, the Commonwealth surprisingly did not object to Appellant's request, but the Bedford County Probation Office did. Specifically, the probation office expressed concern not only with its inability to monitor whether Appellant would abstain from drinking at the nighttime league events, but also with permitting Appellant to be in the company of others who were drinking in bars and, thus, more prone to exercising impaired judgment.

Given Appellant's history of anger-related offenses, both recent and remote,[3] the probation office submitted it was best to enforce the condition that Appellant not frequent establishments that serve alcohol.

In agreeing with the probation office's position, the court drew a distinction between presiding over a pool league, which it considered a hobby or leisure-time activity, and family or work-related activities for which it has granted exceptions to standard probation conditions in other cases. The court emphasized it was not suggesting that the game of pool attracted a clientele prone to violence, and noted that its decision turned, instead, on the fact that the league matches took place in bars. N.T. at 12. "[T]here's a big difference there…on where you're having these [matches,] because there's a much higher chance that something could go wrong in a bar, even though it may not be of your initial doing." *Id*. Describing the condition as imposing merely an inconvenience, the court upheld the probation condition in question and denied Appellant's motion by order of February 2, 2017.

On February 7, 2017, Appellant filed the present appeal, in which he raises the following question for our review:

> **WHETHER THE COURT ERRED WHEN IT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S REQUEST TO MODIFY HIS PROBATION CONDITIONS TO PERMIT HIM TO ATTEND POOL LEAGUE EVENTS THAT TAKE PLACE IN ESTABLISHMENTS THAT SERVE ALCOHOL, AS DOING SO AIDS APPELLANT'S REHABILITATIVE NEEDS?**

---

[3] The probation office noted Appellant was convicted of two prior simple assault offenses in 2001 and 2002.

- 4 -

Appellant's brief at 6.

Appellant correctly directs his claim to the discretionary aspects of his sentence, as he challenges the reasonableness of the probation condition in question given the facts of his case. *See Commonwealth v. Houtz*, 982 A.2d 537, 538 (Pa.Super. 2009) (holding challenge to probation condition generally challenges the discretionary aspects of sentence and not the legality of the sentence imposed). Preliminarily, we must determine whether Appellant has preserved the right to seek permission to appeal the trial court's exercise of sentencing discretion.

When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R.Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. Cons.Stat.Ann. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (internal citations omitted).

Initially, we review whether Appellant raised a particularized objection at sentencing or filed a timely motion to reconsider and modify sentence, as it bears on whether he filed a timely notice of appeal. Our review of the September 16, 2016 sentencing hearing confirms Appellant lodged no objection to his sentence at that time.

Therefore, pursuant to **Moury** and Pa.R.Crim.P. 720(A)(1),[4] Appellant had ten days from the imposition of sentence to file a post-sentence motion in order to preserve his challenge to the discretionary aspects of his sentence. Appellant did not file his "Motion for Modification of Probation Conditions" until January 10, 2017, months after the court's September 16, 2016 order announcing sentence in open court.[5] Hence, Appellant neither filed a timely motion challenging the discretionary aspects of his sentence nor objected to the conditions of his probation at the time of sentencing in contravention of the second prong of the discretionary aspects inquiry.

Without having filed a timely post-sentence motion tolling the 30-day period in which to file a notice of appeal, Appellant had until October 17, 2017, to file his direct appeal. **See** Pa.R.A.P 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

---

[4] Section 720(A)(1) provides, in pertinent part, that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."

[5] This decision holds to the well-settled rule that the calculation of time in which to file either a post-sentence motion or, if no post-sentence motion is taken, notice of appeal starts from the date on which sentence is announced in open court. *See infra*. We note, however, that the court filed a written sentencing order on October 5, 2017, which, *inter alia*, notified Appellant he had 10 days to file post-sentence motions and 30 days to file a notice of appeal. Even if we were to conclude that such notification, under the particular facts of the case, could have misled Appellant to believe the filing clock began as of the date he received such written notice—we do not reach this conclusion—we would still consider Appellant's February 7, 2017, notice of appeal untimely, as indicated *infra*.

As such, Appellant's notice of appeal filed on February 7, 2017, was untimely, such that he failed to meet the first prong of the discretionary aspects inquiry.[6],[7] In sum, because Appellant has failed to file a timely notice of appeal in the present matter, we are without jurisdiction to decide this matter on the merits. Accordingly, we quash. [8]

_____

[6] Neither the parties nor the trial court addresses the timeliness of the notice of appeal. However, because the timeliness of the appeal implicates our jurisdiction, and is, as noted *supra*, the first component of the four-part discretionary aspects inquiry, we *sua sponte* address the matter.

[7] Finally, it bears noting that Section 5505 of the Judicial Code affords Appellant no relief from his belated filings. Section 5505 provides that a court may modify or rescind any order within 30 days after its entry, if no appeal has been taken or allowed. **See** 42 Pa.C.S.A. § 5505. Here, Appellant asked the court to modify the sentencing order well beyond 30 days after the order's entry, such that his request did not implicate Section 5505. Moreover, the exception to the time constraints of Section 5505 recognizing a court's inherent power to correct patently unlawful errors with the order at any time does not apply to a claim asking for reconsideration of a court's exercise of sentencing discretion. **See Commonwealth v. Holmes**, 933 A.2d 57, 66-67 (Pa. 2007).

[8] Even if we were to address Appellant's challenge to the discretionary aspects and find that it raised a substantial question on appeal, we would still find it merits no relief. It is well-settled that:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

_____

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

"A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property." ***Commonwealth v. Koren***, 646 A.2d 1205, 1208 (Pa.Super. 1994). The trial court has discretion to order any reasonable conditions that are "devised to serve the rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." ***Commonwealth v. Hall***, 622 Pa. 396, 80 A.3d 1204, 1209 (2013). Section 9754(c)(13) of the Sentencing Code specifically provides that, in imposing an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13). Appellant argues that strict imposition of the condition of probation prohibiting him from visiting establishments that serve alcohol would unduly require him to resign from his cherished role as president of a county-wide pool league. Appellant derives a great deal of pride from this position, he maintains, and he views his service in this regard as an important part of his rehabilitation efforts.

Upon our review of the record, we discern no abuse of discretion in the court's refusal to create an exception to the conditions of Appellant's probation so that he may enter drinking establishments to participate in the Bedford County pool league. The court carefully considered Appellant's interest in the recreational league, weighed it against the interest in his avoiding environments where alcohol consumption may promote impaired judgment in himself or others to the detriment of his rehabilitative goals, and made a reasoned determination that the probation condition was appropriate. As such, retention of the standard probation condition bore a rational relationship to the important goal of reducing the likelihood of recidivism while Appellant continues in his efforts to rehabilitate himself through anger management and living a law-abiding life.

We note, "a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law." ***Koren***, 646 A.2d at 1209 (quotations omitted). "A probation order with conditions placed on it will to some extent always restrict a person's freedom." ***Commonwealth v. Hartman***, 908 A.2d 316, 321 (Pa.Super.

Appeal quashed.

P.J.E. Bender joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/6/2018

---

2006) (citation omitted).  In the instant case, the trial court's condition of probation served the important goals of protecting the public and preventing recidivism, such that, even if Appellant had preserved this issue for review on the merits, we would conclude the trial court did not abuse its discretion in this regard.