J-S71014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN K. MURPHY | : | |
| | : | |
| Appellant | : | No. 3954 EDA 2017 |

Appeal from the Judgment of Sentence October 27, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003540-2017

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                **FILED MAY 22, 2019**

Bryan Murphy appeals from the judgment of sentence imposed after he pleaded guilty to two counts of robbery[1] and two counts of theft by unlawful taking.[2]  In total, the trial court sentenced Appellant to 24 to 84 months of confinement by running Appellant's robbery sentences concurrently. Appellant contends his sentences constitute an abuse of the trial court's discretion.  We affirm.

The trial court described the facts of this case as follows:

Appellant went to Neshaminy Pharmacy and handed a note to an employee stating, "Hurry, 30 seconds, please.  No alarms."  The employee responded by giving Appellant approximately twenty Xanax pills.  Approximately seven hours later, Appellant returned

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(v).

[2] 18 Pa.C.S.A. § 3921(a).

to the pharmacy and handed a second employee a note, which stated, "Please no alarm. Just do what you gotta do. Everyone okay." The second employee responded by giving Appellant a bottle of Diazepam. Police apprehended Appellant immediately after he left the pharmacy. Appellant admitted to committing both robberies.

Trial Court Opinion, filed 6/18/18, at 2.

After sentencing, Appellant filed a timely post-sentence motion for reconsideration, which the trial court denied. Appellant then appealed to this Court and timely filed his corresponding concise statement of matters complained of on appeal. Appellant presents the following issue for our review:

> Did the sentencing court abuse its discretion in imposing a state sentence by not considering mitigating evidence and by relying on factors that were already contemplated by the available sentencing guidelines?

Appellant's Brief, at 4. Therefore, Appellant challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018)(some citations omitted; formatting altered).

Appellant filed a timely notice of appeal, properly preserved his issue on appeal with this Court by way of post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence in a separate section of his brief to this Court pursuant to Pa.R.A.P. 2119(f).  Accordingly, Appellant has satisfied the first three requirements.  Therefore, we must evaluate whether the question raised by Appellant is a substantial question warranting our discretionary review.   "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [Sentencing] Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009).

> In his rule 2119(f) statement, Appellant asserts that:
>
> Even the mere allegation that a sentence is "manifestly excessive [in] that it is grossly disproportionate to [his] crime, particularly in light of the facts surrounding the criminal episode and his background[" raises a substantial question.] **Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).
>
> In this matter, numerical guidelines for Count One [Robbery] recommended a sentence of twenty-one months in the mitigated range, between twenty-four to thirty-six months in the standard range and thirty-nine months of imprisonment in the aggravated range.  At sentencing, the court sentenced Appellant to serve not less than two years nor more than seven years as to Count One.

Appellant's Brief, at 10.

When examined in conjunction with Appellant's header stating that the trial court did not consider "mitigating evidence," we interpret Appellant's Rule

2119(f) statement as advancing the argument that the length of Appellant's sentence is contrary to fundamental sentencing norms in light of the record. This argument raises a substantial question and allows for our review. **See Commonwealth v. Parlante**, 823 A.2d 927, 929-30 (Pa. Super. 2003). Accordingly, we proceed to address the merits of Appellant's claims.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. Smith**, 673 A.2d 893, 895 (Pa. 1996). Furthermore, the "sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." **Commonwealth v. Moore**, 617 A.2d 8, 12 (Pa. Super. 1992). Thus, "our standard when reviewing the merits of the discretionary aspects of a judgment of sentence is very narrow; this court will reverse *only* where an appellant can demonstrate a manifest abuse of discretion on the part of the sentencing judge." **Commonwealth v. Koren**, 646 A.2d 1205, 1208 (Pa. Super. 1994) (emphasis added).

In an attempt to demonstrate a "manifest abuse of discretion," Appellant submits that the trial court violated 42 Pa.C.S.A. § 9721(b) when it crafted Appellant's sentence as it did not properly weigh "the protection of the public, gravity of the offense in relation to the impact on victim and community, and rehabilitative needs of the [Appellant]." Appellant's Brief, at 11 (citation omitted). In support, Appellant argues:

> Appellant's prior record score put him in the R-Fel category for sentencing purposes. The sentencing court did not consider the length of time since Appellant's prior felony adjudications and conviction. Appellant's prior record included juvenile adjudications for burglary and robbery which occurred in 1994 and 1995 respectively. Also, the aggravated assault conviction which is the only adult felony conviction on Appellant's record occurred in 1998. The juvenile adjudications were over twenty years old at the time of sentencing. Moreover, Appellant's only prior felony conviction occurred almost twenty years prior to sentencing in this matter.
>
> The sentencing court in this case imposed a state sentence by not considering mitigating factors. Appellant presented mitigating evidence in this case by testifying to his problems with drug abuse and his lack of insurance which caused him to lose his drug treatment prior to committing this offense. Furthermore, Appellant pled guilty to the charges and took responsibility for the crimes he committed.

*Id.*, at 12-13 (citations omitted).

In response, the trial court indicates that it "considered not only the sentencing guidelines, but Appellant's criminal history, the impact of his crimes on the victim and community, the nature and circumstances of the crime, as well as the character and condition of Appellant, including his rehabilitative needs." Trial Court Opinion, filed 6/18/18, at 4. As evinced by

the relevant testimony and in contradiction to Appellant's supposition, the trial court did consider these § 9721(b) factors. *See* N.T., 10/27/17, at 15-18; *see also Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017)(indicating that a sentencing court must consider the sentencing guidelines, make such considerations as part of the record, and disclose in open court a statement of the reasons for the sentence imposed). Moreover, Appellant's sentence was at the bottom of the standard range of the sentencing guidelines for each robbery. *See* Appellant's Brief, at 10 (observing that the standard guideline range was between 24 and 36 months and that Appellant's minimum sentence was 24 months).

There is no indication in the record that the trial court considered any of Appellant's criminal history that was older than twenty years. However, the trial court found there to be a relationship between Appellant's continued drug use and his criminal history. *See* N.T., 10/27/17, at 15-16 (explaining, for example, "the significance of [Appellant's] criminal history is [that] it shows a long period of time wherein [he] may struggle with addiction, but he's still committing crimes"). The trial court observed that Appellant had already been through an addiction rehabilitation program, but then continued committing addiction related crimes. *See id*., at 15. The trial court found that

> given the length of your criminal history, that you are likely to [re-offend.] I hope that because you are clean now, that you are able to take stock of and continue with the rehabilitative therapy that you've been in, but I have to consider the nature and circumstances of the crime and the history, character and condition of the defendant. I find that there is undue risk that the

defendant will commit another crime, that the defendant is in need of correction treatment that can be provided most effectively by your commitment to a state correctional institution, and that any lesser sentence would depreciate the seriousness of the crime.

*See id*., at 18-19.

In summation, Appellant identifies three mitigating factors the trial court should have considered when imposing sentence: 1) the length of time that had elapsed since Appellant's prior felony adjudications and conviction; 2) the fact that Appellant lacked proper insurance to treat his drug addiction; and 3) the notion that Appellant accepted the charges against him and therefore took full responsibility for his actions. Nevertheless, the trial court clearly contemplated each of these factors when it calculated Appellant's sentence. Ultimately, the trial court "ordered [Appellant's] sentences to run concurrent with each other, even though Appellant committed two separate felony offenses in one day." Trial Court Opinion, filed 6/18/18, at 7.

Further, it is undisputed that Appellant's sentences fall within the standard range of the Sentencing Guidelines. A standard range sentence is presumptively reasonable. *See*, *e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006). Therefore, to succeed on his claim, Appellant was required to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. The sentences are in no way excessive.

It cannot be said that the judgment exercised by the court was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Through thorough consideration of Appellant's criminal history and the facts surrounding the charges for which he was sentenced, the trial court was clearly in the best position to ascertain the most appropriate sentence for Appellant. Accordingly, we find the trial court has not committed a manifest abuse of discretion when it sentenced Appellant to two concurrent confinement periods of 24 to 84 months for two distinct robbery offenses.

Judgment of sentence affirmed.

Judge Nichols joins the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19