J-A11006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLA FERGUSON | : | |
| | : | |
| Appellant | : | No. 688 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 5, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at No(s):
CP-02-CR-0009264-2018

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: SEPTEMBER 14, 2021**

Kyla Ferguson appeals from the judgment of sentence imposed following her guilty plea to Endangering the Welfare of a Child.[1] The child at issue was her own child, and the trial court ordered as a condition of her probation that she have no contact with that child. On appeal, she argues that the condition is unconstitutional and an abuse of discretion. She also challenges her prison sentence as excessive. We affirm.

> Ferguson, a 24-year old mother who is currently pregnant with her fourth baby, pled guilty to endangering the welfare of her third child. At only two (2) months old, the victim, a six-week premature baby named K.A., experienced repeated abuse during its short few weeks of life, and, because of [Ferguson's] indifference and failure to seek prompt medical attention, the newborn nearly died from injuries that involved bone fractures and brain bleeds. Authorities became involved only when a hospital physician with the Child Advocacy Center contacted the

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

Homicide Unit because "they believed this child was going to die." N.T. Sentencing, 6/5/20, at 15-16.

At [Ferguson's] plea hearing held on March 10, 2020, the Commonwealth supplemented the information contained in the affidavit of probable cause with the "names of individual witnesses who the Commonwealth would have called [if] we [had] proceed to trial":

> [Debra Pfeifer] the Allegheny County Children, Youth and Families caseworker who investigated the injuries and the incident in this case. The Commonwealth also would have called [Michelle Scott] from the Maternal Health Program. The Commonwealth would have called her because she was one of the in-home workers from that program who was present on June 14, 2018 and who observed the child's injuries which necessitated immediate emergency medical intervention.

> The Commonwealth would have also called Samantha Thomas . . . who was from the same Maternal Health Program. The Commonwealth would have called her for the same purpose specifically. However, Ms. Thomas would have testified that she was the individual who picked the child up from the Rock-N-Play and it was immediately apparent to her that the child necessitated emergency medical intervention.

> . . . [T]he Commonwealth would have called multiple witnesses from the victim's primary care office and . . . multiple individuals from Children's Hospital of UPMC of Pittsburgh that observed the child and/or provided medical care to the child in the emergency and trauma rooms. . . .

N.T. Plea Hearing, 3/10/20, at 4-5.

Trial Ct. Op., at 6-7 (emphasis and some record citations omitted; record citation formatting altered).

At the June 5, 2020 sentencing hearing, the court heard from Zoie Martin, a forensic social worker with the Office of the Public Defender, who testified as to Ferguson's history and personal characteristics and heard a

copy of a recording of the 911 call made by Ferguson. The court also considered a presentence investigation report (PSI) and the sentencing guidelines, as well as the parties' sentencing memoranda and Ferguson's allocution. The court then imposed a standard range guideline sentence of 16 to 32 months of incarceration followed by five years of probation. A no-contact condition of probation prohibited Ferguson from having contact with the victim, her child, without court approval. The court also required Ferguson to undergo a mental health evaluation and complete any treatment, as well as continuing parenting classes.

Ferguson filed a post-sentence motion requesting that the court modify the sentence and the no-contact condition, which the court denied. This timely appeal followed.

Ferguson raises three questions on appeal.

I.   Whether the trial court's imposition of the probation condition that [] Ferguson have no contact with K.A. impermissibly infringes on [] Ferguson's parental and due process rights under both the United States and Pennsylvania Constitutions?

II.  Whether the trial court abused its discretion by imposing as a condition of probation that [] Ferguson have no contact with K.A., as such a condition was unreasonable, manifestly excessive, and contrary to the factors set forth under 42 Pa.C.S. § 9721(b), and the Sentencing Code generally?

III. Whether the trial court abused its discretion by imposing a term of incarceration which was unreasonable, manifestly excessive, and contrary to the factors set forth under 42 Pa.C.S. § 9721(g) and the Sentencing Code generally?

Ferguson's Br. at 5.

In her first issue, Ferguson claims that the no-contact condition of her probation infringes upon her fundamental right to parent her child. Ferguson's Br. at 18. Ferguson raises this issue for the first time on appeal. Therefore, we must determine whether her claim is a challenge to the legality of her sentence, or to the discretionary aspects of her sentence. "[A] challenge to the legality of the sentence cannot be waived, but a challenge to the discretionary aspects can." *Commonwealth v. Starr*, 234 A.3d 755, 759, 764 (Pa.Super. 2020), *appeal denied*, 243 A.3d 724 (Pa. 2020) (citation omitted).

The Pennsylvania Supreme Court has noted that "in the issue preservation realm, that the question whether a claim implicates the legality of a sentence presents a pure question of law." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) (citation and quotation marks omitted). "[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived." *Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007) (citation omitted); *see Commonwealth v. Hill*, 238 A.3d 399, 407 (Pa. 2020) ("an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court").

The Commonwealth argues that because Ferguson is challenging the constitutionality of a condition of probation, her claim involves the

discretionary aspects rather than the legality of her sentence. ***See*** Commonwealth's Br. at 6-7. Specifically, it contends that claims involving no-contact conditions of probation implicate the discretionary aspects of a sentence. ***See id.*** (citing ***Commonwealth v. Dewey***, 57 A.3d 1267 (Pa.Super. 2012) and ***Commonwealth v. Houtz***, 982 A.2d 537 (Pa.Super. 2009)). The Commonwealth asserts that even though this concerns a fundamental right, based on prior decisions in this Court, we should still consider it as challenging the discretionary aspects of Ferguson's sentence. ***See*** Commonwealth's Br. at 7 (arguing that in ***Commonwealth v. Fenton***, 750 A.2d 863, 867 (Pa.Super. 2000), "this Court has even construed a constitutional challenge to a condition of probation that implicates a fundamental right as a challenge to the discretionary aspects of a sentence").

Ferguson argues that the no-contact condition violated her rights under both the United States and Pennsylvania Constitutions; therefore, a challenge to that condition constitutes a challenge to the sentence's legality not the court's exercise of discretion. ***See*** Ferguson's Reply Br. at 4-5. She contends that because she specifically raised it as a legality of sentence claim, it does not implicate the discretionary aspects of her sentence. Ferguson distinguishes her case from this Court's decisions in ***Dewey*** and ***Houtz*** because in those cases the no-contact conditions were raised as challenges to the discretionary aspects of the sentence. ***See*** Ferguson's Reply Br. at 2. Ferguson agrees that in ***Fenton*** this Court analyzed the no-

contact provision on discretionary grounds. She then accurately points out that the Court continued the analysis on constitutional grounds without suggesting it was waived. *See id.* at 3.

The term "illegal sentence" is a term of art that our courts apply narrowly to a relatively small class of cases. *Starr*, 234 A.3d at 764.

> Legality of sentence issues occur generally either: (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly. Most other challenges implicate the discretionary aspects of a sentence, even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension.

*Id.* at 765 (citations and quotation marks omitted).

A challenge to the way that a trial court fashions a condition of probation involves a matter under the trial court's jurisdiction under the Sentencing Code, 42 Pa.C.S. § 9754(b), and generally constitutes a challenge to the discretionary aspects of a sentence rather than to its legality. *See Starr*, 234 A.3d at 765. "Conversely, where the challenge involves a question of whether a trial court exceeded its legal authority under a statute to order a probation condition, our Supreme Court has classified the challenge as a legality of sentence issue." *Id.*

In *Starr*, this Court considered whether the appellant raised a challenge to the legality of his sentence or the discretionary aspects of his sentence when he claimed that his right to free speech was violated by a condition of probation banning him from using the internet. *See id.* at 764.

We concluded that the issue involved "a legal question of whether the trial court abused its discretion in fashioning an overbroad condition that runs afoul of constitutional rights" and did "not present a legality-of-sentence issue involving the trial court's imposition of a sentence that exceeds its statutory authority." *Id.* at 765.

Here, similarly, we conclude that Ferguson's first issue presents a legal question of whether the court abused its discretion in imposing an overbroad condition that infringes on Ferguson's constitutional rights. *See id. Fenton* is not to the contrary. There, the appellant presented his challenge to the probation condition as a question of an illegal sentence. However, we concluded that it went to discretionary aspects of sentencing. *See Fenton*, 750 A.2d at 867 n.4. It is true that we did not question the preservation of the issue, but it appears no such question arose. Accordingly, we agree with the Commonwealth that this issue challenges discretionary aspects of sentencing, and Ferguson waived it by failing to raise it before the trial court.

In her second issue, Ferguson claims that the trial court abused its discretion when it imposed a no-contact condition of probation barring Ferguson from any contact with the victim, her daughter.[2] She agrees that

_____

[2] We note that although Ferguson's challenge to the constitutionality of the no-contact provision is waived; she has not waived her challenge to the condition as an abuse of the sentencing court's discretion. This she properly
*(Footnote Continued Next Page)*

this argument challenges discretionary aspects of her sentence. There is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we follow a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the sentencing issue at sentencing or in a motion to reconsider or modify sentence; (3) included in the appellate brief a Pa.R.A.P. 2119(f) statement; and (4) has asserted a substantial question that the sentence is not appropriate under the Sentencing Code. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b). "[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." ***Id.*** (citation omitted).

Ferguson's appeal is timely, she preserved her issue in a post-sentence motion, and her brief includes a Rule 2119(f) statement. We must now determine whether she has presented a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*(Footnote Continued)* ───────────────────

preserved in her post-sentence motion and has brought before this Court in her second issue.

*Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa.Super. 2013) (citation omitted).

Ferguson argues that the no-contact condition of probation "violated the Sentencing Code's requirement that such conditions relate to rehabilitation and not be unduly restrictive of liberty." Ferguson's Br. at 25. This raises a substantial question. *See Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa.Super. 1994).

On the merits, Ferguson claims that the no-contact condition of probation is unreasonable. She argues that the condition does not further her rehabilitation and is not necessary to protect the rights of law-abiding citizens. Ferguson further claims that because the no-contact condition broadly forbids all contact with K.A., it will have a damaging impact on the parent-child relationship and will threaten to hinder K.A.'s emotional development. *See* Ferguson's Br. at 28-29. Ferguson asserts that severing the relationship completely does not protect K.A.'s rights and claims that other measures such as barring unsupervised contact would create the same result.

Additionally, Ferguson argues that the no-contact condition is not a reasonable means of effectuating her rehabilitation. She claims that she has already taken extensive steps to improve her ability to parent K.A. Such efforts include completing a six-week anger management class, an eight-week parenting class, a mental health evaluation, a drug and alcohol evaluation, and individual and group mental health therapy, and enrolling in

a parenting program provided through the University of Pittsburgh. ***See id.*** at 30. She acknowledges that the court imposed the condition subject to modification with court approval but claims that it is unclear what more she can do.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

The trial court has discretion to order any reasonable conditions that are "devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct." ***Commonwealth v. Hall***, 80 A.3d 1204, 1209 (Pa. 2013). Section 9763(b)(15) of the Sentencing Code specifically provides that the court may attach conditions of probation reasonably related to rehabilitation. 42 Pa.C.S.A. § 9763(b)(15).

"[A] sentencing court can order a no-contact condition on probation" as long as "that condition is reasonably calculated to aid in the defendant's rehabilitation." ***Koren***, 646 A.2d at 1209. "[T]his court has consistently held

that no-contact conditions are neither unreasonable nor unduly restrictive of a person's liberty." *Id.*

Here, the trial court explained that it imposed the no-contact order "prohibit[ing] contact with the child whom [Ferguson] had nearly killed with her inactions." Trial Ct. Op., at 14. The court explained that its intent in imposing the condition was to ensure that Ferguson undertook and completed mental health treatment and parenting classes, which will reduce the danger Ferguson poses to her child and will provide incentive for Ferguson to "fully commit to her rehabilitative efforts." *Id.* at 15. The court noted that it specifically tailored the condition and made it subject to modification with court approval. *See id.*

It explained that it had not completely banned Ferguson from having any contact with her child for the entirety of her probation.

> Rather, the no-contact condition simply required [Ferguson] to obtain court approval prior to making contact so that the court can confirm that [Ferguson] has continued to make strides in her rehabilitative efforts, which in turn, helps ensure the child's safety and well-being. Given [Ferguson's] role in this first-degree felony crime and the harm sustained by her baby, the probation condition imposed was related to [Ferguson's] rehabilitation and the protection of the victim, and it was reasonably calculated to aid in [Ferguson's] rehabilitation.

*Id.* at 15-16.

We conclude that the trial court did not abuse its discretion. *See Gonzalez*, 109 A.3d at 731. It is well-settled that while she is on probation, Ferguson "does not enjoy the full panoply of constitutional rights otherwise

- 11 -

enjoyed by those who [have] not run afoul of the law." *Koren*, 646 A.2d at 1209 (citation omitted) (alteration in original). "A probation order with conditions placed on it will to some extent always restrict a person's freedom." *Id.* Furthermore, the no-contact provision is reasonably related to her rehabilitation. *See* 42 Pa.C.S.A. § 9763(b)(15). The fact that the no-contact condition is modifiable by the trial court, provides incentive for Ferguson to complete the rehabilitative steps the court set forth, to engage in mental health counseling and complete parenting classes. Accordingly, we conclude that the no-contact condition of probation is reasonable and related to Ferguson's probation. Hence, the trial court did not abuse its discretion in imposing the condition and Ferguson's second issue does not merit relief.

In her third issue, Ferguson claims that the court abused its discretion when it imposed a manifestly excessive sentence of 16 to 32 months of incarceration without considering her personal history, characteristics, and rehabilitative needs. *See* Ferguson's Br. at 32. This claim again implicates the discretionary aspects of Ferguson's sentence. Accordingly, we must consider whether she has met the four requirements for this Court to consider her claim. *See Austin*, 66 A.3d at 808; *Gonzalez*, 109 A.3d at 731.

Ferguson filed a timely notice of appeal and post-sentence motion and has included a Rule 2119(f) statement in her brief. In her Rule 2119(f) statement, she claims that the trial court imposed a "clearly unreasonable sentence which is manifestly excessive under the circumstances of her case"

- 12 -

and that the trial court imposed "a penalty [] excessive and/or disproportionate to the offense." Ferguson's Br. at 26 (citation and quotation marks omitted). However, her post-sentence motion alleged only that the trial court erred by "fail[ing] to consider Ferguson's personal history, characteristics, and rehabilitative needs" and by imposing a sentence that is "unreasonable, manifestly excessive, and contrary to the factors set forth" in the Sentencing Code. Post-Sentence Motion, 6/8/20, at ¶¶ 6, 7. Accordingly, her post-sentence motion preserved her excessiveness claim, but not her double-counting claim.

Her only preserved challenge is a flat excessiveness claim, which does not state a substantial question that the sentence is not appropriate.

> An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa.Super.2003). *Accord Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super.1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). *Compare Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Ferguson cites *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006), for the proposition that a claim that she received a clearly unreasonable and manifestly excessive sentence disproportionate to the offense raises a substantial question. However, there, we granted review of

a probation violation sentence where the trial court allegedly "(1) did not state on the record any reasons for sentence; (2) imposed total confinement without considering or discussing the mandatory factors of 42 Pa.C.S.A. § 9771; and (3) chose a sentence that was excessive and disproportionate to the underlying technical violations." *Id.* at 1253. The Court did not hold that a straight excessiveness claim raised a substantial question. Ferguson's last issue does not raise a substantial question.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2021