J-S07038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
THOMAS SIDERIO :
:
Appellant : No. 2233 EDA 2021

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002900-2013,
MC-51-CR-0005791-2013

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 14, 2023**

Appellant, Thomas Siderio, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On December 19, 2013, [Appellant] appeared before [the trial court, with the Honorable Genece Brinkley presiding,] and pled guilty to theft [by] unlawful taking, receiving stolen property, and conspiracy (CP-51-CR-0002900-2013).
>
> On March 31, 2014, [the trial c]ourt sentenced [Appellant] on CP-51-CR-0002900-2013 to 6 to 23 months [of] county incarceration plus three years [of] reporting probation on the theft [by] unlawful taking charge, three years [of] concurrent reporting probation on the conspiracy charge, and no further penalty on the receiving stolen property charge.  [Appellant] was ordered to undergo a Forensic Intensive Recovery (FIR) evaluation for dual diagnosis treatment, enroll in parenting classes, and continue with his

mental health and drug treatment. On this same date, [Appellant] also was resentenced on two prior cases as he was in direct violation of his previous sentences. …

On February 16, 2015, [Appellant] filed a *pro se* petition for relief under the Post Conviction Relief Act [("PCRA")], claiming ineffective assistance of counsel in connection with his guilty plea on docket number CP-51-CR-0002900-2013. On July 16, 2015, Richard Blok, Esquire, of Montoya Shaffer, LLC, entered his appearance as retained counsel. Zachary Shaffer, Esquire, of the same law firm, entered his appearance on April 11, 2016 and filed an amended petition on April 25, 2016.

[Appellant] was granted parole on July 29, 2015. He appeared before [the trial c]ourt for a status hearing on October 18, 2015, where he told the [c]ourt he was receiving weekly mental health treatment and was looking for a job. He appeared before [the trial c]ourt again on November 18, 2015 for another status hearing. He stated that he still did not have a job but was receiving mental health treatment and was reporting to probation as directed. [The trial c]ourt scheduled another status hearing for [Appellant] on March 18, 2016.

On February 1, 2016, [Appellant] was arrested in New Haven, Connecticut for selling nitrous oxide balloons outside of a concert venue on Yale University's campus and running from campus police when they instructed him to stop filling balloons. When he returned to Philadelphia on February 8, 2016, [Appellant] was detained for incurring this new arrest and conviction, leaving Philadelphia County and the Commonwealth of Pennsylvania without permission, and failing to inform his Probation Officer of his new arrest within 72 hours.

On August 17, 2016, while [Judge Brinkley] was not sitting due to an extended medical leave, [Appellant] appeared before the Honorable Timika Lane for a violation of probation hearing. Judge Lane found [Appellant] in violation and sentenced him to an aggregate term of 11½ to 23 months [of] county incarceration plus 4 years [of] reporting probation. [Appellant] was released on parole on December 2, 2016.

[Judge Brinkley] returned from medical leave and resumed jurisdiction of this matter. On December 9, 2016, a notice of PCRA on the instant case docket number CP-51-CR-0002900-2013 was sent to [Appellant], directing him to appear before [the court] for a PCRA hearing on February 3, 2017[; the notice specified that the proceeding would take place before Judge Brinkley. Thereafter, the c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907 on March 16, 2017. On April 17, 2017, [the c]ourt dismissed [Appellant's] petition based upon counsel's **Finley** "no-merit" letter.[1]

On April 21, 2017, [Appellant] was arrested and charged with murder and related charges. On April 25, 2017, a notice of violation of probation was sent to [Appellant], directing him to appear before [the trial c]ourt on May 11, 2017 for a violation of probation hearing[.] The matter was continued several times pending the resolution of his open matter. On November 30, 2018, [Appellant] was found guilty of two violations of the Uniform Firearms Act (VUFA): § 6106, carrying a firearm without a license; and § 6108, carrying firearms in public in Philadelphia. He was found not guilty on the remaining charges. On January 25, 2019, the Honorable Glenn Bronson sentenced [Appellant] to an aggregate term of 6 to 12 years [of] state incarceration. This conviction was a direct violation of [the trial c]ourt's sentence[ in the instance case, CP-51-CR-0002900-2013.]

On January 23, 2019, David Walker, Esquire entered his appearance as defense counsel. On January 30, 2019, Mr. Walker filed a motion to transfer this matter to Judge Lane for the violation of probation. On February 1, 2019, Mr. Walker made argument on the record regarding his request to have the case transferred. [The trial c]ourt denied that motion.

On November 26, 2019, [Appellant] appeared before [the trial c]ourt for a violation hearing. First, [the c]ourt summarized [Appellant's] criminal history since his original

---

1 **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

guilty plea in 2013, including his resentencing before Judge Lane while [Judge Brinkley] was on medical leave, after which jurisdiction was returned to [Judge Brinkley]. Subsequently, [Appellant] was convicted of gun charges and sentenced by Judge Bronson to 6 to 12 years [of] state incarceration. This conviction was a direct violation of [the c]ourt's sentence. [The trial c]ourt incorporated the probation officer's October 3, 2019 summary into the record by reference. (N.T. 11/26/19, p. 11-13).

Probation Officer Greg Baumbach stated that [Appellant] was in direct violation of his sentence and recommended revocation and a period of incarceration. *Id.* at 14.

Defense counsel David Walker, Esquire then began to argue that this matter should be before Judge Lane…because Judge Lane had presided over a single probation violation hearing while [Judge Brinkley] was not sitting due to medical leave. He argued that [Judge Brinkley] conducting a violation hearing instead of Judge Lane "violate[ed] [Appellant's] rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article 1 Section 8—or Section 9 of the Pennsylvania Constitution, his due process rights, as well as his Sixth Amendment right to counsel [...]." *Id.* at 37. With respect to the actual violation of probation, Mr. Walker argued that [Appellant] had been through a terrible ordeal when his cousin was shot and that he already was serving a lengthy state sentence imposed by Judge Bronson. He further argued that [Appellant] had mental health issues, was only 26 years old, and that he had recently become very religious. Mr. Walker recommended a sentence of time served. *Id.* at 43-46. Mr. Walker extensively argued that [Appellant] was owed time credit, and ultimately requested a continuance so that he could conduct further research into the time credit issue. His continuance request was granted and the case was given a date of February 20, 2020.

The next part of [Appellant's] violation of probation hearing was delayed by several months, first due to failure to be brought down from state prison, and second by the COVID-19 pandemic, resulting court closure, and prison quarantine protocols. On March 11, 2021, [Appellant] appeared before [the trial c]ourt via Zoom for his hearing. Once again, [the

trial c]ourt reviewed [Appellant's] criminal history since his original appearance before [the trial c]ourt in 2013. [The c]ourt noted that this was a bifurcated violation of probation hearing and that the previous arguments from the prior hearings were incorporated into the record by reference. After extensively reviewing [Appellant's] previous sentences, time served, and time credited, including the documentation provided to [the c]ourt by defense counsel, [the c]ourt determined that the theft unlawful taking charge was the only offense that was still active and that the maximum he could be sentenced on this charge was 51 months. (N.T. 3/11/21, p. 28-33). The corrections officer at [Appellant's] prison then informed [the c]ourt that it was out of time as there was another Zoom hearing scheduled at the prison, and [the c]ourt's hearing had to end. Therefore, [the trial c]ourt continued the violation hearing to a future date.

On October 14, 2021, [Appellant] appeared before [the court] again via Zoom for the conclusion of his violation hearing. Defense counsel recommended that [the c]ourt terminate [Appellant's] sentence and probation because [Appellant] already would be under state supervision for the next seven years. (N.T. 10/14/21, p. 8-11). The Commonwealth concurred with the probation officer's recommendation of revocation and recommended a state sentence imposed at [the c]ourt's discretion. *Id.* at 12. Next, [Appellant] spoke on his own behalf. He apologized for violating his probation and explained that he was going through "a hard time" in his life when his cousin was shot. He stated that he had learned a lot and that he wanted to help combat gun violence when he was released. *Id.* at 12-13. [The c]ourt found [Appellant] in direct violation and sentenced him to 25 to 50 months [of] state incarceration, to run consecutively to any other sentence imposed. *Id.* at 16.

On October 27, 2021, [Appellant] filed a Notice of Appeal to the Superior Court. On December 13, 2021, the Superior Court permitted Mr. Walker to withdraw as counsel and ordered [the trial c]ourt to determine within 60 days whether [Appellant] was eligible for court appointed counsel. [The c]ourt scheduled a hearing on January 13, 2022, which was further twice continued to April 12, 2022.

On that date, after conducting a hearing via video, [the c]ourt determined that [Appellant] was eligible for court appointed counsel and ordered that counsel be appointed forthwith. Daniel Alvarez, Esquire entered his appearance on April 18, 2022. On June 1, 2022, [the c]ourt ordered that [Appellant] file a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) and [appellate] counsel did so on June 11, 2022.

(Trial Court Opinion, filed 6/30/22, at 2-7) (footnotes omitted).

Appellant raises the following two issues on appeal.

Was the total incarceration sentence entered by the revocation [c]ourt excessive and an abuse of discretion for a theft offense, as it was much more than necessary to protect the public and rehabilitate Appellant who has drug abuse and mental health history. Moreover, the sentence was excessive as Appellant exhibited remorse and a willingness to seek complete rehabilitation, and the consecutive nature of the sentence (consecutive to any other sentence) was more than necessary to vindicate the authority of the [c]ourt?

Appellant asserts the revocation [c]ourt erred by denying his motion to transfer this matter back to the previous sentencing Judge that had assumed jurisdiction from the revocation [c]ourt. Appellant proffers that supervision was improperly transferred back to this revocation [c]ourt without his knowledge or consent. Did the [trial] court err and was this a due process violation under the U.S. and PA Constitutions?

(Appellant's Brief at 8).

In his first issue, Appellant argues that the court abused its discretion in imposing an excessive sentence following revocation of his probation. Appellant avers that the trial court failed to consider his history of mental health and substance abuse, his remorse, and the actions that he has already taken to turn his life around. Appellant contends that the sentence imposed

and its consecutive nature to other sentences he is serving are disproportionate to the nature of the offense and will not benefit the rehabilitative needs of Appellant. Appellant concludes the sentence was excessive, and this Court must grant sentencing relief. We disagree.

Initially, an appellant's challenge to the discretionary aspects of his sentence do not entitle him to an appeal as of right. **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [708(E) regarding post-sentence motions after revocation of probation]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d

599 (2003). **See also** Pa.R.Crim.P. 708(E) (governing motions to modify sentence after revocation of probation).

Instantly, Appellant did not challenge the discretionary aspects of his sentence at the time of sentencing or in a post-sentence motion to modify his sentence. Therefore, Appellant's first issue is waived. **See Mann, supra**.

Moreover, even if Appellant had preserved a discretionary aspects challenge, it would not merit relief. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa.Super. 2000).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. **Commonwealth v. Crump**, 995 A.2d 1280

(Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

Instantly, upon revocation the court imposed a sentence that was within the statutory limits. The court explained that in imposing its sentence it considered Appellant's criminal history and new conviction on gun charges. The court noted that:

> [a]long with a lengthy criminal record, [Appellant] had a history of mental health issues and drug abuse. In 2013, and at the subsequent violation and status hearings conducted thereafter, th[e c]ourt ordered him to attend drug treatment, receive mental health treatment, enroll in parenting classes, and get vocational training. Instead of using these programs to tum his life around, [Appellant] continued to get in trouble with the law, which included arrests in Illinois and Connecticut. Although the jury acquitted [Appellant] of murder, he was found guilty of carrying a firearm without a license and carrying a firearm on the streets of Philadelphia, two very serious crimes that directly impact the community. Based upon this direct violation and the fact that his repeated attempts at rehabilitation had failed, th[e c]ourt properly sentenced [Appellant] to 25 to 50 months [of] state incarceration.

(Trial Court Opinion at 9).

Upon review, we agree that the trial court did not abuse its discretion. The record makes clear the court adequately considered the relevant sentencing factors, Appellant's character, and mitigating circumstances. While on probation, Appellant committed a new offense, and a jury found him guilty of carrying a firearm without a license and carrying a firearm on the streets of Philadelphia. Additionally, Appellant had a long history of probation violations. As such, the court was well within its discretion to impose a sentence of total confinement. **See Crump, supra**. Accordingly, Appellant's

challenge to the discretionary aspects of his sentence is waived, and it would not merit relief in any event. **See Mann, supra**; **Colon, supra**.

In his second issue, Appellant asserts that the court erred by not granting his motion to transfer the case to Judge Lane. Appellant argues that Judge Lane presided over one of Appellant's prior revocation hearings, upon which she assumed jurisdiction over his case. Appellant claims that when Judge Brinkley returned from medical leave, supervision of his case was improperly transferred back to Judge Brinkley without his knowledge or consent. Appellant insists that the case could only have been transferred back to Judge Brinkley if extraordinary circumstances precluded Judge Lane from supervising his case. We disagree.

Pennsylvania Rule of Criminal Procedure 700 provides that "the judge who presided at the trial or who received the plea of guilty or *nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence." Pa.R.Crim.P. 700(a). **See also Commonwealth v. McNeal**, 120 A.3d 313, 323-24 (Pa.Super. 2015) (holding that transfer which "did not occur based upon some extraordinary circumstance, but rather by mere happenstance," violated Rule 700). This policy recognizes the value of a judge who "is in the best position to view a defendant's character, defiance or indifference, and the overall effect and nature of the crime. When formulating its order, the sentencing court must consider the nature of the criminal and the crime." **Id.** at 323 (quoting

*Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa.Super. 1994)).

Instantly, Judge Brinkley was the original judge who oversaw Appellant's December 19, 2013 guilty plea and March 31, 2014 sentencing. When she was on medical leave, the case was assigned to Judge Lane, who handled a violation of probation hearing, found Appellant in violation, and sentenced him on August 17, 2016. Appellant did not challenge this transfer.

Judge Brinkley then returned from medical leave. The record indicates that on December 9, 2016, the court issued notice directing Appellant to appear for a PCRA hearing before Judge Brinkley on February 3, 2017. Appellant did not challenge the transfer of this matter back to Judge Brinkley. Judge Brinkley conducted the PCRA hearing and denied relief on the PCRA petition on April 17, 2017.

Appellant once again violated his probation, and, on April 26, 2017, the court issued notice and scheduled the violation of probation hearing. Nearly a year and a half after this notice, and over two years after the matter was transferred back to Judge Brinkley, Appellant filed his motion contesting the second transfer and requesting transfer of the case to Judge Lane.

Upon review, we conclude that Judge Brinkley remains "the judicial officer best equipped to assess the nature of [Appellant] and the crime itself before imposing sentence." *See McNeal, supra* at 323. The fact that this case was transferred to Judge Lane during Judge Brinkley's medical leave does not change the fact that Judge Brinkley, who has overseen all other aspects

of this case, remained best equipped to conduct the instant violation of probation hearing and to impose sentence. ***See id.*** Furthermore, we note that Appellant consented to the proceedings before Judge Brinkley by failing to raise any objection under Rule 700 when he appeared before Judge Brinkley for the PCRA hearing without challenging the transfer. ***See Commonwealth v. Banks***, 198 A.3d 391, 400 (Pa.Super. 2018) (holding challenge to judge's authority to preside over violation hearing was waived where defendant consented to transfer). Thus, Appellant's second issue merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2023