J-S74029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 2234 EDA 2018 |

Appeal from the Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008022-2012

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                          **Filed: February 7, 2020**

Vamsidhar Vurimindi (Appellant) appeals *pro se* from the "stay away" order which "does not change the original condition of probation that was issued on April 25, 2014," and "restates the same condition:  namely that Appellant must stay away from both victims in this matter."  Trial Court Opinion, 5/28/19, at 2.[1]

Appellant is familiar with this Court and vice versa.  He previously appealed from the judgment of sentence entered on April 25, 2014, which the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court noted that the order was issued in response to the victims' request, because of safety concerns, to have "a piece of paper to give to their local police departments."  Trial Court Opinion, 5/28/19, at 2 n.1.

trial court imposed after it convicted Appellant of two counts of stalking and one count of disorderly conduct. We stated:

> [Appellant's] egregious and bizarre behavior forced his first victim to install a panic-button alarm system that connected directly to the local police and to consider hiring a body guard. That victim [ultimately] relocated. [Appellant's] actions forced the other victim to sell her condominium and move twice to get away from [Appellant]. Both women were terrified of [him].

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1034 (Pa. Super. 2018) (citations omitted), *appeal denied*, 217 A.3d 793 (Pa. 2019). Based on Appellant's "continuous and deliberate failure to comply with the Pennsylvania Rules of Appellate Procedure," this Court dismissed the appeal. *Id.*

Instantly, Appellant appeals from the trial court's June 22, 2018 "stay away" order, and raises three issues which we reproduce verbatim:

1. Whether on 06-22-2018, 42 Pa.C.S.A. § 5505 deprived Trial Court jurisdiction to amend 04-25-2014 original sentence after expiration of 30 days?

2. Whether on 06-22-2018, 42 Pa.C.S.A. § 9771(d) preclude Trial Court from increasing the 04-25-2014 original conditions of probation without hearing?

3. Whether 06-22-2018 Trial Court Order increasing conditions of stay–away order is void for its vagueness and overbreadth?

Appellant's Brief at 4.

We begin by repeating the "observation that [Appellant's] *pro se* status does not relieve him of his duty to follow the Rules of Appellate Procedure." *Vurimindi*, 200 A.3d at 1037. We recognize that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status

confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* at 1037-38, citing *In re Ullman*, 995 A.2d 1207, 1211–12 (Pa. Super. 2010).

We previously described Appellant's "rambling *pro se* brief," stated that where "there are considerable defects, we will be unable to perform appellate review," and dismissed Appellant's appeal. *See id.* at 1037–38, citing *Commonwealth v. Tchirkow*, 160 A.3d 798, 804-05 (Pa. Super. 2017).

Likewise, in this appeal, Appellant has presented this Court with a rambling brief, which, although it cites statutes and case law, is largely nonsensical and devoid of meaningful legal argument. *See generally*, Appellant's Brief at 10-24. For example, Appellant claims the trial court's "newly increased conditions are designed to terrorize Appellant with the threat of arrest and incarceration, and to preclude him from serving subpoenas and/or civil complaints on [his victims] or upon their legal representatives and to persecute Appellant by prosecuting him for prosecuting civil rights violation complaints." *Id.* at 18. Accordingly, we again find that Appellant has "thwarted appellate review, and [a]s such, we conclude that the only appropriate remedy is waiver of all issues." *Vurimindi*, 200 A.3d at 1043.

We further note that the Commonwealth, stating that Appellant's claims "contribute to his ongoing attempts to harass his victims through frivolous

litigation," argues that this appeal should be dismissed because the trial court "already imposed a stay away order as a condition of probation" in its April 25, 2014 judgment of sentence. Commonwealth Brief at 4. The Commonwealth echoes the trial court's statement that the June 22, 2018 order from which Appellant appeals is a "reissuance of a paper copy of the stay away order at the request of the victims, so they could have a physical copy of upon [Appellant's] release on probation," and notes that the June 22, 2018 order "explicitly states that it was issued 'pursuant to the Judgment of Sentence and conditions of probation imposed by this Court on the 25th day of April, 2014.'" *Id.* at 5.

It is well-settled that a court may require as a condition of probation that a defendant refrain from contact or communication with his victim(s). **See, e.g., Commonwealth v. McBride**, 433 A.2d 509 (Pa. Super. 1981). The Sentencing Code provides that as a condition of probation, a trial court may impose "reasonable conditions . . . as it deems necessary to ensure or assist the defendant in leading a law abiding life." 42 Pa.C.S.A. § 9754(b) (referencing Section 9763, conditions of probation). We recognize — and remind Appellant:

> Th[e trial court's] broad power to impose conditions as part of an order of probation is intended to individualize the sentencing process so that an effort can be made to rehabilitate a criminal defendant while, at the same time, preserving the right of law abiding citizens to be secure in their persons and property.

**McBride**, 433 A.2d at 510.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:2/7/20