J-S29008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN LEE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1498 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0000908-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN LEE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1499 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0001913-2014

BEFORE:  MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: OCTOBER 10, 2023**

Kevin Lee Johnson (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his probation.  Upon review, we vacate the judgment of sentence and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

On June 17, 2020, Appellant pled guilty at dockets 67-CR-0001913-2014 (Case 1913) and 67-CR-0000908-2020 (Case 908), to driving under the influence of a controlled substance (DUI) and driving while operating privilege is suspended or revoked.[1]  The trial court sentenced Appellant to an aggregate six months of house arrest, "five years [of] probation with restrictive conditions," and imposed $4,000 in fines.  N.T., 6/17/20, at 3-4.  Thereafter, Appellant committed numerous technical violations of his probation.  After Appellant failed to appear at a probation violation hearing, the trial court issued bench warrants for his arrest.  N.T., 9/21/22, at 2.

Police apprehended Appellant and he appeared for a probation revocation/sentencing hearing on September 21, 2022.  The trial court initially admonished Appellant: "In Case 1913, it's your ninth [probation] violation.  In Case 908, it's your third violation, and you just haven't done anything."  *Id.* at 3.  The trial court found Appellant had violated his probation.  *Id.*; *see also id.* at 2-3 (court identifying Appellant's failure to report to his probation officer and failure to participate in drug testing and DUI education classes).  The court immediately sentenced Appellant, stating:

> In Case [] 1913 …, we sentence [Appellant] to the unserved balance of 248 days without the possibility of re-parole.  In Case [] 908 …, we sentence [Appellant] to the unserved balance of 878 days without the possibility of re-parole.  We note this will be a state sentence, so [Appellant] is remanded to the custody of the Department of Corrections ….

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(iii), 1543(b)(1.1)(ii).

*Id.* at 3-4.

Appellant filed a post-sentence motion for reconsideration of sentence (PSM) on October 3, 2022. Appellant claimed the sentence was "unduly harsh under the circumstances as his violations consisted of only technical [probation] violations." PSM, 10/3/22, ¶ 4. Appellant further asserted that the court erred in sentencing him without a pre-sentence investigation (PSI) report. *Id.* ¶ 5. The trial court denied the PSM on October 12, 2022. On October 21, 2022, Appellant timely filed notices of appeal at Case 1913 and Case 908,[2] in compliance with ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket). Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for review:

I. Whether the trial court imposed an illegal sentence when it sentenced [Appellant] to serve the unserved balance of his sentences without the possibility of parole where parole authority for a sentence over two years is vested exclusively in the Pennsylvania Board of Probation and Parole?

II. Whether the trial court abused its discretion when it sentenced [Appellant] on his parole violations in … [Case] 1913 … and … [Case] 908 … without first obtaining a [PSI] Report or its equivalent or putting any reasons on the record for dispensing with the report?

Appellant's Brief at 4 (issues numbered and reordered).

---

[2] This Court granted Appellant's motion to consolidate the appeals on March 29, 2023.

Appellant asks this Court to vacate his judgment of sentence as illegal. *See id.* at 14-16. According to Appellant, "When the sentencing court ordered [Appellant] to serve his sentence in a state correctional institut[ion], it lost authority to determine whether or not he could be re-paroled." *Id.* at 16; *see also* N.T., 9/21/22, at 3-4 (court imposing respective sentences at Case 1913 and Case 908 "**without the possibility of re-parole**" (emphasis added)). Appellant cites section 3815 of the Motor Vehicle Code, which provides:

> The power of the sentencing judge to grant parole shall apply only to those offenders whose sentences are being served in a **county** prison pursuant to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement) or [75 Pa.C.S.A. §] 3804(d). The sentencing judge shall declare his intention to retain parole authority and supervision at the time of sentencing in cases in which he would not otherwise have parole authority and supervision.

75 Pa.C.S.A. § 3815(a) (emphasis added); Appellant's Brief at 15-16. Appellant also cites 61 Pa.C.S.A. § 6132(a)(1)(i) (generally providing that the Pennsylvania Board of Probation and Parole "shall have the exclusive power … [t]o parole and re-parole"). *Id.* at 15.

Likewise, the Commonwealth "concedes that this case should be remanded for a new sentence." Commonwealth Letter Brief at 1.

> [Appellant] was under a quasi-probationary county [intermediate punishment] sentence, and thus the wording of the [sentencing] court as to a sentence of "unserved balance" appears to have no support in PA caselaw, and [Appellant] should have been sentenced to a specific term of incarceration.

*Id.* at 2 (capitalization altered).

Appellant's counsel candidly observes that he "discovered this issue while drafting the brief, after [Appellant's Pa.R.A.P. 1925(b)] concise statement and [the trial court's Rule] 1925(a) opinion had both been filed." Appellant's Brief at 14 n.1 (capitalization modified); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."); Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). Counsel correctly cites our Supreme Court's decision in **Commonwealth v. Thorne**, 276 A.3d 1192 (Pa. 2022), which reiterated that issues implicating the legality of sentence cannot be waived. Appellant's Brief at 14 n.1; **Thorne**, 276 A.3d at 1199-2000 ("An appellate court may address an appellant's challenge to the legality of his sentence even if that claim was not preserved in the trial court; in fact, an appellate court may raise and address a challenge to the legality of sentence *sua sponte.*").

Appellant's claim implicates the legality of sentence. "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." **Commonwealth v. White**, 268 A.3d 499, 500 (Pa. Super. 2022) (citation omitted). Our scope of review is *de novo*. **Commonwealth v. Summers**, 245 A.3d 686, 697 (Pa. Super. 2021).

In considering an appeal from a sentence imposed following the revocation of probation:

> [O]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court

to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa. Super. 2008) (citations, quotation marks, and footnotes omitted).

This Court has stated:

The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007) (citation omitted). Once probation has been revoked, a trial court may impose a sentence of total confinement if any of the following conditions exist:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Here, the trial court explained:

Before commencing proceedings, the revocation court reviewed the Appellant's file and apprised itself of the Appellant's circumstance. It became clear to the revocation court that the Appellant was not responding to York County Adult Probation's repeated attempts to reform the Appellant into a productive member of society.

The revocation court relied on precedent to sentence the Appellant to the remaining balance of his original sentence. The Superior Court has held that mere technical violations are not an abuse of discretion by the revocation court, nor is it an abuse of discretion for the revocation court to revoke and recommit the Appellant to the unserved balance for his continued drug use. ***Commonwealth v. McBride***, 433 A.2d 509, 511 ([Pa. Super.] 1981); ***Commonwealth v. Hamouroudis***, 179 A.3d 601 (Pa. Super. Ct. 2017) [(unpublished memorandum).[3]]

Trial Court Opinion, 12/16/22, at 3-4 (footnote added, capitalization modified).

Upon review, we agree with the parties that the trial court imposed an illegal sentence by sentencing Appellant to serve the balance of his sentences without the possibility of parole. ***See*** 75 Pa.C.S.A. §§ 3815(a) and 6132(a)(1)(i), ***supra***. A trial court is authorized to impose only the remainder of a sentence for a parole violation. This Court's decisions in ***McBride*** and ***Hamouroudis*** are inapposite. Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.[4] ***See Commonwealth v. Hughes***, 986 A.2d 159, 160 (Pa. Super. 2009) ("An illegal sentence must be vacated." (citation omitted)).

---

[3] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential memorandum decisions of the Pennsylvania Superior Court filed **after May 1, 2019**, may be cited for their persuasive value.

[4] Based on our disposition, we need not address Appellant's remaining issue.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023